Lloyd Newton v. The State.

No. 5645. Decided January 21, 1920.

Theft—Accomplice—Charge of Court—Argument of Counsel.

Where, upon trial of theft of property under the value of fifty dollars, the conviction depended upon the testimony of an accomplice, and the court refused to submit a charge on accomplice testimony and also stopped the defendant's attorney in addressing the jury with reference thereto, the same was reversible error..

Appeal from the County Court of Matagorda. Tried below before the Hon. John V. Perry, judge.

Appeal from a conviction of theft of property under the value of fifty dollars; penalty, a fine of twenty-five dollars and fifteen days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft of property under the value of fifty dollars.

The State used Childs as a witness, the party who really committed the theft. Childs pleaded guilty to stealing the property, and testified against appellant. The evidence of Childs is to the effect that he and appellant and another party were out driving in

a car, and went by the residence of the owner, stopped the car, and Childs took from the car of the owner a carburetor worth about five dollars; that he had trouble in getting it out of the machine and called appellant to help him, and that appellant assisted him to the extent of holding the pliers while Childs was taking the carburetor from the machine. The other boy who was with them in the car was asleep at the time, and testified he knew nothing about it; that after he woke up he saw a carburetor in the machine they were driving. This is the case substantially.

Appellant proved a good character for honesty, which was not controverted. The bills of exception are not, technically speaking, as complete as they might be, but there are sufficient objections to the court's action in failing and refusing to charge the law applicable to corroboration of the testimony of the accomplice. A charge on this subject was not given. There was an exception reserved, while counsel for appellant was addressing the jury with reference to accomplice testimony, the court stopped him and would not permit him to argue it inasmuch as he did not charge upon that theory of the case. He limited the argument of counsel to the question submitted in the charge. This he had no authority to do. Defendant had a right to have counsel argue the facts. Without going into details of these matters *seriatim*, it is sufficient to dispose of this case by stating that appellant was entitled to a charge on accomplice testimony, and the court erred in not instructing the jury.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*